UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Adrian Valadez Moran,<br><br>Plaintiff,<br><br>v.<br><br>Alejandro Mayorkas, Ur Mendoza Jaddou, and Leslie Tritten,<br><br>Defendants. | Case No. 21-cv-2323 (SRN/ECW)<br><br>**ORDER** |

Mohamed Juldeh Jalloh, Jalloh Law Office, 7101 Northland Circle N, Suite 115, Brooklyn Park, MN 55428, for Plaintiff.

Jordan Hummel, Mary Larakers and Tia Hockenberry, Office of Immigration Litigation—District Court Section, United States Department of Justice, P.O. Box 868, Ben Franklin Station, Washington, DC 20044, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Adrian Valadez Moran's post-judgment Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act (EAJA) [Doc. 88]. Because the Government's position was substantially justified, the Court denies the motion.

**I.   Background**

Mr. Valadez Moran sued Defendants Alejandro Mayorkas, Ur Mendoza Jaddou, and Leslie Tritten—heads of United States government agencies and offices that administer the country's immigration system—seeking a declaratory judgment that he is a United States citizen. (Doc. 1.) After a bench trial, the Court detailed its Findings of Facts and

1

Conclusions of Law, and entered a declaratory judgment in Mr. Valadez Moran's favor. (Doc. 80.) In short, the Court concluded Mr. Valadez Moran is a United States citizen because his mother is a United States citizen "who, prior to [his birth], was physically present in the United States . . . for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years." 8 U.S.C. § 1401(g). (Doc. 80 ¶¶ 55–61.)

Mr. Valadez Moran presented a variety of evidence that his mother was born in Texas in 1975, moved to Mexico immediately afterward, and later moved back to Texas, where she lived from 1987 to 1992. (*Id.* ¶¶ 20–35.) The evidence included live testimony, affidavits, two birth certificates from different Mexican authorities, and a 2006 court-ordered birth certificate from Hildalgo County, Texas. (*Id.* ¶¶ 3–30.) The Government contested that Mr. Valadez Moran's mother was born here, citing a 2023 sworn statement by his grandmother that his mother was born in Mexico, and a 2015 statement by Mr. Valadez Moran to a border patrol agent that both he and his parents are citizens of Mexico. (*Id.* ¶¶ 9–13, 36–39.) But the Court found the grandmother's statement not credible because it was contradicted by a wealth of evidence, including an earlier statement by the grandmother. (*Id.* ¶¶ 13–19.) And the Court found credible Mr. Valadez Moran's testimony that he learned of his mother's United States citizenship only after the run-in with border patrol. (*Id.* ¶ 40.) So "weigh[ing] and assess[ing] the credibility of all the evidence before it," the Court found it "more likely than not" that Mr. Valadez Moran's mother was born in the United States. (*Id.* ¶ 19.)

As the prevailing party, Mr. Valadez Moran now moves for an award of attorney fees under the EAJA, 28 U.S.C. § 2412. (Doc. 88; *see also* Docs. 89, 99.) The Government opposes the motion, arguing first and foremost that its position was "substantially justified." (Doc. 98 at 7–12.)

**II.   Analysis**

Under the EAJA, a court "shall" award fees and expenses "to a prevailing party other than the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The government carries the burden of proving its position was substantially justified," and a court "should make 'only one threshold determination for the entire civil action.'" *United States v. Hurt*, 676 F.3d 649, 652 (8th Cir. 2012) (quoting *Comm'r v. Jean*, 496 U.S. 154, 159 (1990)).

"Substantially justified means 'justified to a degree that could satisfy a reasonable person.'" *Bah v. Cangemi*, 548 F.3d 680, 683 (8th Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "A substantially justified position need not be correct so long as 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Id.* at 683–84 (quoting *Pierce*, 487 U.S. at 566 n.2). So where a case "involves primarily factual questions"—and especially where it "hinges to a significant extent on determinations of witness credibility"—the Government's position is substantially justified. *Hurt*, 676 F.3d at 653 (cleaned up) (citation omitted).

The Court finds that the Government's position, though incorrect, was substantially justified. Mr. Valadez Moran's case turned on a fact question—whether his mother was

3

born in the United States. And two statements gave the Government a reasonable basis for its position that she was not—the 2023 statement of Mr. Valadez Moran's grandmother, and the 2015 statement of Mr. Valadez Moran himself. The Court disagreed with the Government's position only after finding that the grandmother's statement was not credible and that Mr. Valadez Moran's testimony explaining his misstatement was credible. Given "the importance of the [C]ourt's credibility finding[s] on the end result," the Government's position was substantially justified. *See Garcia v. Barr*, 971 F.3d 794, 797 (8th Cir. 2020) (per curiam). Thus, Mr. Valadez Moran is not entitled to fees and costs under § 2412(d).[1]

### III. Order

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act [Doc. 88] is **DENIED**.

Dated: November 22, 2024              /s/ Susan Richard Nelson
                                      SUSAN RICHARD NELSON
                                      United States District Judge

---

[1] Mr. Valadez Moran also cites § 2412(a) & (b) in his opening brief. (Doc. 89 at 1.) But § 2412(a) only authorizes "a judgment for costs, as enumerated in [§] 1920," and § 2412(b) only permits an award of fees under a few limited common-law exceptions to the American rule that parties bear their own fees and costs, *Lindquist v. Bowen*, 839 F.2d 1321, 1323–27 (8th Cir. 1988). Mr. Valadez Moran identifies neither any costs enumerated in § 1920, nor any common-law exception that applies here. So the Court finds that his request for fees and costs under § 2412(a) & (b) is undeveloped and therefore waived. *See, e.g.*, *RJT Invests. X v. Comm'r of Internal Revenue*, 491 F.3d 732, 738 n.9 (8th Cir. 2007).